■ CITY OF YONKERS, Appellant-Respondent, v MUTUAL AID ASSOCIATION OF THE PAID FIRE DEPARTMENT OF THE CITY OF YONKERS, INC., LOCAL 628, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL-CIO, Respondent-Appellant. — In a proceeding pursuant to CPLR article 75, the parties cross-appeal from an order of the Supreme Court, Westchester County, entered May 9, 1979, which, *inter alia,* denied petitioner City of Yonkers' (City) motion to set aside a portion of the arbitration award and the union's cross motion to confirm the award. Order modified, by deleting those provisions which denied the City's motion and the union's cross motion. As so modified, order affirmed, without costs or disbursements. During the negotiations for a collective bargaining agreement between the parties, the City proposed that the provision of the previous contract, which related to "overtime distribution" be deleted due to the increased financial difficulties of the City. The parties were unable to agree on this issue, as well as a few other issues which were the subject of negotiation. An impasse was declared and a public arbitration panel was convened as provided for in subdivision 4 of section 209 of the Civil Service Law. An interim award was issued by the panel but two issues, including that of the "overtime distribution", remained the subject of dispute. After hearings were held, the panel rendered its opinion and award, which included a change in the "overtime distribution" clause. Although, in its opinion, the panel specified the basis for its findings with respect to two of the factors noted in section 209 (subd 4, par [c], cl [v]) of the Civil Service Law, particularly in subclauses b and d, it failed to adequately specify the basis for its findings with respect to subclauses a and c. Since the statute required that this be done (see Civil Service Law, § 209, subd 4, par [c], cl [v]; memorandum by the Governor upon approving L 1977, ch 216, NY Legis Ann, 1977, p 128), the matter was correctly remanded to the panel so that it could comply with the mandate of the statute. Once the panel has specified the basis for all its findings, Special Term will be able to properly decide the motion and cross motion before it. Hopkins, J. P., Mangano, Margett and Weinstein, JJ., concur.

■ ALBERT A. CORIOU, Petitioner, v NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE, CREEDMOOR STATE HOSPITAL, et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated January 28, 1980, which affirmed a determination of the State Division of Human Rights, dated July 5, 1979, which (1) held that there was no probable cause to believe that the respondent-employer had engaged in unlawful discriminatory practices resulting in the termination of petitioner's employment, and (2) dismissed petitioner's complaint. Order confirmed and proceeding dismissed, without costs or disbursements. On the record before this court, we can find no support for petitioner's claim that the termination of his employment was racially motivated. To the contrary, said termination was mandated by the Civil Service Law which provides for the creation of, and hiring from, preferred lists of employment (see Civil Service Law, § 81). Damiani, J. P., Lazer, Cohalan and Thompson, JJ., concur.